**Rakesh KUMAR; Ranjila Devi, Petitioners,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–72989.

United States Court of Appeals, Ninth Circuit.

Submitted July 24, 2006.*

Decided Aug. 2, 2006.

Fed. R.App. P. 34(a)(2).

Before: ALARCÓN, HAWKINS, and THOMAS, Circuit Judges.

### MEMORANDUM **

Rakesh Kumar and Ranjila Devi (collectively, petitioners), natives and citizens of Fiji, petition for review of the denial of their application for asylum, withholding of removal and protection under the Convention Against Torture by the Board of Immigration Appeals ("BIA").[1] We have jurisdiction pursuant to 8 U.S.C. § 1252, and we deny the petition.

The BIA adopted and affirmed the findings of the Immigration Judge ("IJ") without independent analysis. We review the IJ's decision as if it were that of the BIA for substantial evidence and will reverse only if the record compels a contrary conclusion. *Ge v. Ashcroft,* 367 F.3d 1121, 1124 (9th Cir.2004).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

The IJ found petitioners failed to establish either past persecution or a well-founded fear of persecution on account of a protected ground (race, religion and political opinion). *See* 8 U.S.C. § 1158(a) (granting Attorney General discretion to grant asylum status to alien refugees); 8 U.S.C. § 1101(a)(42)(A) (defining "refugee" as an alien who is unable or unwilling to return to his or her country of origin "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion").

The IJ found the alleged persecution was neither directly at the hands of the government nor caused by "forces the government is either unable or unwilling to control." *Ernesto Navas v. INS,* 217 F.3d 646, 655–56 (9th Cir.2000) (internal quotation marks and citation omitted). Petitioners did not meet their burden in establishing this element. Kumar testified to three or four incidents of alleged persecution suffered by himself and Devi. Police arrived within two or three hours of the stoning incident. Following the other instances, petitioners made no attempt to contact the police and do not offer specific evidence of the police being unreliable. A reasonable factfinder would not be compelled, based on this evidence, to find that the government is either unable or unwilling to control the native factions petitioners allege to be the source of their persecution. *See Nahrvani v. Gonzales,* 399 F.3d 1148, 1154 (9th Cir.2005).

The standard for withholding of removal is stricter than that for asylum. *Prasad,* 47 F.3d at 340. Because the asylum peti-

1. Petitioners do not appeal the BIA's denial of their due process claim.

tion fails, the petition for withholding of removal fails as well.

Petitioners claim for protection under the Convention Against Torture also fails. Petitioners have not established that it is "more likely than not" that they will be the victim of a "particularized threat" of torture if they return to Fiji. *See Lanza v. Ashcroft,* 389 F.3d 917, 935–36 (9th Cir. 2004); *Kamalthas v. INS,* 251 F.3d 1279, 1283 (9th Cir.2001).

**PETITION FOR REVIEW DENIED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.